Caldwell, J.
It is a well-established rule, that parties .can not by contract change the mode of judicial proceeding. Parties may *21 waive certain rights which are given them in á court of justice ; they may agree that certain facts exist, without other proof of their existence; a party'may waive exception to evidence not technically legal, may waive informalities *in adversary pleading, or may admit, generally, that the issue joined is against him, and suffer judgment without an investigation of the facts. The parties can not, however, make a binding agreement, requiring a controversy to be tried in court out of the ordinary mode of proceeding. The parties can not by agreement require the court to give an effect to a written contract, other than its legal import; they can not by agreement require a case, cognizable only in a court of law, to be tried according to the rules of chancery, or vice versa. No agreement would be valid, that would require the court to change the rules of-evidence, to submit the decision of the facts in a case to a jury of less than twelve men ;’ nor that would require the court to draw other than the legal and natural conclusion from given premises. Any agreement of this kind is totally invalid, the parties having no right to have it carried into effect. Now, what is the character of the contract in this 'case, that is claimed to furnish a good plea in bar to the suit ? The case presented to the court was an action of replevin, and the controversy to be determined, was whether the defendant in the suit had unlawfully detained certain wheat belonging to the plaintiff; the parties agree, not that..the case shall be dismissed on the happening of a certain event, but that the court shall proceed to judgment. The criterion by which the controversy is to be determined, is the result of another suit between the parties, not alleged or shown to have any connection in principle, or any relation to the present case. The only questions presented by the issue made to the jury were, whether such contract had been made, and whether the suit referred to had been determined in favor of the defendant ? Upon the finding of these two questions in the affirmative, the jury were required, as they did, to find that the defendant did not detain the wheat in controversy, and to proceed to assess the value of it, and the court were required to enter up judgment on such finding ; hero the jury and the court are required by the contract of the parties to arrive at a result, by drawing a conclusion from premises, having no legal or reasonable tendency to ^produce such conclusion. I should myself have no hesitancy in saying that this contract is absolutely void, on the ground that it is an unwarrantable interference by *22 the parties with the mode of judicial proceeding. The court, however, not being fully agreed 'on this point, I am not authorized to place the decision upon it. There is another ground upon which the court all agree that this contract is totally void, and could therefore furnish no basis for a plea in bar. As we have already remarked, no connection is alleged to have existed between the former suit, and that which formed the subject-matter of the contract, nor can any such connection be inferred ; no consideration is expressed in the agreement as set forth in the plea, and no consideration can be implied on the contract. It is an agreement without consideration, and in every respect a more wager, and without reference to its intended interference with judicial proceedings would be invalid as a contract.
It is said, however, by the plaintiff in error, that although the pleading majT have been defective, yet, that after judgment, tho court are to presume that the evidence necessary to support the judgment was presented on the trial, and that, therefore, the judgment should not be disturbed. It is true, certain defects in pleading- maybe cured by judgment, where the fact omitted to be alleged, or defectively set forth, must have been proved on the trial as a necessary part of the plaintiff’s case; it will be presumed that such proof was given, and the reviewing court will not disturb the judgment. This principle has its limit; otherwise no form of pleading, nor any pleading at all, would be necessary after judgment; for the presumption, that the court had heard tho necessary evidence would be just as strong in such a case as any other Without attempting to define the limits of this rule, we would say that it has no application to such a case as this. The rule has been adopted for the purpose of preventing the mischief that might arise from permitting parties, after judgment, to take advantage of mistakes or slips in pleading, which they have not taken advantage of at an earlier stage *of the proceeding. In this instance, we would have to presume that the court had evidence of a contract, both in its terms and legal effect, altogether different from the one relied on by the pleading; in othervyords, that a case had been made out by the evidence, the substantial part of which was not set forth in the pleading. This, as we think, would bo inadmissible. It is said, however, that the Supreme Court erred in reversing tho judgment of the common pleas, the error lor which the judgment was reversed not being specifically assigned. It is *23 true, there is no specific assignment of this error; there is, however, a general assignment that covers it. It is assigned as error, that the court gave judgment for the defendant, when the law required the judgment to be given for the plaintiff. The court might have required the error to be definitely pointed out before they would act; but the error existing on the record, we can not say that they erred, although they took notice of an error not definitely assigned. ¥e think the Supreme Court decided correctly in reversing the judgment of the court of common pleas; the judgment of reversal will therefore he affirmed.